IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY BRIGGS<br>1121 North 66th Street<br>Apartment 19E<br>Philadelphia, PA  19151<br><br>           Plaintiff,<br><br>     v.<br><br>U-HAUL<br>314-322 N. 13th Street<br>Philadelphia, PA  19107<br><br>           Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No._____ |

### CIVIL ACTION COMPLAINT

Plaintiff, Anthony Briggs, by and through his undersigned counsel, files this Civil Action Complaint, and hereby avers as follows:

### I.      Introduction

1.    Plaintiff has initiated this action to seek redress against Defendant, his former employer, for unlawful race and disability discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. 1981, the Americans with Disabilities Act, the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, ("PHRA") and other applicable law.

### II.      The Parties

2.    Plaintiff is an adult individual currently residing at the above address.

3.    Defendant is a corporation with a place of business at the above address.

4.    At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom was acting within the scope of his or her job duties.

5. Defendant is an "employer" within the meaning of Title VII and the ADA because it is engaged in an industry affecting interstate commerce and because it maintains or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6. Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the PHRA (requiring four or more employees).

### III.   Jurisdiction and Venue

7. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if set forth at length.

8. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

9. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein

occurred in this judicial district (the Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein).

## IV.     Administrative Remedies

12. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if set forth at length.

13. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII and the PHRA as follows:

   a. On or about July 1, 2011, Plaintiff filed a timely written charge of discrimination (No. 530-2011-02829) against Defendant with the Pennsylvania Human Relations Commission alleging race discrimination, gender discrimination, and disability discrimination;

   b. The EEOC issued a Notice of Right to Sue on the foregoing charge on or about September 17th, 2012;

   c. The instant action is timely because it is initiated within 90 days of the receipt of the aforementioned Notice;

   d. The aforementioned charge was also cross-filed with the Pennsylvania Human Relations Commission.

14. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## V.     Factual Background

15. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

16. Plaintiff is male and African-American.

17.  Plaintiff worked for Defendant at its Chestnut Street facility from February 2008 until May 9, 2011, when he was summarily demoted as manager at that position and transferred (as a lower-ranking assistant manager) to the 12th and Washington location.

18.  The alleged "performance" reasons cited by Defendant for Plaintiff's transfer and demotion were false.

19.  Plaintiff's supervisor, Brenda Cox (a female Caucasian), told Plaintiff that she was transferring him because he had had a problem with his son with regard to custody and support.

20.  Moreover, only a week before the aforementioned transfer, Plaintiff had suffered a serious infection which required treatment.

21.  When Plaintiff reported for work at his new location at 12th and Washington Streets, his pay had been reduced by over $2.00 an hour.

22.  After Plaintiff requested that he be paid the salary he earned before his bogus demotion at 48th and Chestnut Streets, he was summarily terminated from his employment by being told falsely that there was "no position" for him at the 12th and Washington location despite the fact that Brenda Cox had transferred him there specifically to take up an assistant manager's position.

23.  Plaintiff's former position at the 48th and Chestnut location was taken by a Caucasian.

24.  In addition, while working as a trainee, Plaintiff was advised he was to be paid $14.00 an hour but never received this amount,, but rather earned only $11.50 an hour.

25.  Plaintiff avers on information and belief that he was paid less than other managers, who were not African-American.

26.  Non African-American managers were also permitted to work fewer hours than Plaintiff for the same or greater pay.

## Count I
## Title VII – Racial and Gender Discrimination

27. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

28. The foregoing actions by the Defendant constitute unlawful discrimination against the Plaintiff on the basis of his race (African-American) and gender (male).

29. In acting as aforesaid, the Defendant subjected the Plaintiff to disparate treatment on the basis of his race (African-American) and gender (male).

30. In acting as aforesaid, Defendant subjected the Plaintiff to negative treatment to which similarly-situated non-African-American employees or females were not subjected, and/or treated similarly-situated non-African-American employees or females in a more favorable manner.

31. Defendant, by and through its agents, subjected the Plaintiff to adverse employment actions (including termination of employment for pretextual reasons) as a direct result of his race (African-American) and gender (male).

32. Defendant terminated Plaintiff's employment because of his race (African-American) and gender (male) and did not terminate the employment of similarly-situated non-African-American or female employees.

33. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

## Count II
### Violations of 42 U.S.C. § 1981

34. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if set forth at length.

35. At all times relevant herein, Plaintiff maintained a contractual relationship with the Defendant (*i.e.:* an employment relationship).

36. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against the Plaintiff as a result of his race (African-American) and thereby deny him the benefits of the contractual relationship he had entered with Defendant by disciplining him for pretextual reasons, subjecting him to harassment as a result of his race, and terminating his employment for pretextual reasons.

37. Plaintiff has suffered damages as a direct result of the Defendant's unlawful actions as aforesaid.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## Count III
### Americans with Disabilities Act ("Regarded as" disability)

38. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth as length.

39. Plaintiff suffered from a "disability" as that term is defined in the ADA because he was regarded as and/or perceived by Defendant and its agents (as a result of his infection as aforesaid) as having a physical impairment that substantially limited/limits one or more major life activities.

40. Plaintiff was a "qualified individual with a disability" as that term is defined in the ADA because he was able to perform all of the essential functions of his job with or without a reasonable accommodation.

41. In demoting, transferring, and/or terminating Plaintiff based on his perceived disability, Defendant violated the Americans with Disabilities Act.

42. As a result of Defendants' violations of the ADA, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra.*

### Count IV
### PHRA

43. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

44. The foregoing actions by Defendant constitute unlawful race discrimination, in violation of the PHRA, 43 Pa.C.S.A. § 951, *et seq.*

45. As a result of the Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint.

### *Ad Damnum* Clause/Prayer for Relief

**WHEREFORE,** the Plaintiff prays that the Court enter judgment in her favor and against the Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from engaging in discrimination against the Plaintiff on the basis of race or any other basis prohibited under applicable law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting racial or gender discrimination in the workplace, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to be prohibited from continuing to maintain its unlawful policy, practice, or custom of discriminating against employees based on their race or sex and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

d. Defendant is to compensate the Plaintiff, reimburse the Plaintiff, and to make Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date Plaintiff first suffered discrimination at the hands of Defendant or its agents until the date of verdict;

e. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

f. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to

deter Defendant or other employers from engaging in such misconduct in the future;

g. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

i. Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law and to reflect the tax consequences thereof;

j. Plaintiff is to be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in unlawful retaliation against Plaintiff or other witnesses to this action;

k. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

                              Respectfully submitted,

                              KOLMAN ELY, P.C.

                              By: _____
                              Timothy M. Kolman, Esquire
                              Wayne A. Ely, Esquire
                              Attorneys for Plaintiff
                              414 Hulmeville Avenue
                              Penndel, PA  19047
                              (215) 750-3134

December 17, 2012